DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant the State of Ohio has appealed from the Summit County Court of Common Pleas judgment that dismissed the indictment against Defendant-Appellee. This Court reverses.
 I {¶ 2} On March 4, 2004, an indictment was filed against Defendant-Appellee Raymond E. Robinson ("Robinson") for two counts of illegal processing of drug documents, in violation of R.C. 2925.23(B)(1). On March 15, 2004, Robinson entered a plea of "not guilty" to the charges.
 {¶ 3} The trial court scheduled the trial for July 13, 2004. On July 12, 2004, the State made an oral motion to dismiss the indictment against Robinson without prejudice. Notwithstanding the State's motion, the trial court ordered that the indictment against Robinson be dismissed with prejudice and its journal entry stated the dismissal was at the request of the State.
 {¶ 4} The State has timely appealed, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court committed error when dismissing the indictment in this case."
 {¶ 5} In its sole assignment of error, the State has argued that the trial court erred when it dismissed the indictment against Robinson. Specifically, the State has argued that the trial court erred when it dismissed the case with prejudice because the State's motion was to dismiss the case without prejudice. Further, the State has argued that based on its Crim. R. 48(A) motion, the trial court had two options: 1) grant the motion, dismissing the case without prejudice or 2) deny the motion and order the parties to trial the next day. We agree.
 {¶ 6} Pursuant to Crim. R. 48(A):
 "The state may by leave of the court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."
 {¶ 7} When the state makes a motion to dismiss a case pursuant to Crim. R. 48(A), a trial court has two options: 1) grant said motion; or 2) deny it and order the case to proceed to trial. See Id.; State v. Smith
(Jan. 3, 1990), 9th Dist. No. 2493, at 7. To dismiss a case with prejudice on a Crim. R. 48(A) motion, a trial court must find a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution. State v. Dixon
(1984), 14 Ohio App.3d 396, 397. (Citation omitted.).
 {¶ 8} A review of the transcript reveals that the following colloquy occurred on July 12, 2004 in the proceedings before the trial court:
Counsel for State: "[T]he State would move to dismiss without prejudice the two counts pending against [Robinson] with the potential of re-filing at a later date.
Trial Court: "This is the day before trial, counsel. Why should it be without prejudice?
Counsel for State: "Your Honor, I've had the opportunity to speak with our chief counsel and she advises me that we may pursue some additional charges after a review of this case, and at that time, after consulting with the pharmacy board, that is something that we will be pursuing. There may be some additional charges, and at this time they would rather present that all together, and rather than — instead of going forward tomorrow so we would need to dismiss out his time without prejudice.
Trial Court: "Counsel, you wish to be heard?
Counsel for Robinson: "No, Your Honor. Other than we would prefer with prejudice [.]
Trial Court: "I would think on the day before trial — I mean, the matter's been under indictment and he's been out on bond for how long now? The State has had every opportunity to present what it's going to present.
Counsel for Robinson: "I would also point out that last week we asked for — ten days ago we asked for a continuance which was denied, so if the Court sees fit to weigh the equities and dismiss with prejudice, we would not be complaining.
Trial Court: "You know, if you have a case against somebody then you should proceed with it. If there are additional charges then you amend the indictment and bring those charges, but you don't go up until the day before trial and then simply wash it out and advice people, well, yeah, we may be coming back again. Motion to dismiss is granted with prejudice. Bond is discharged, and you are free, sir, to go hence.
"* * *
Trial Court: "The Court has ruled.
Co-Counsel for State: "Your Honor, the motion was without prejudice. If you're not going to grant that motion, then she's not putting a motion before the Court and she'll proceed to trial tomorrow.
Trial Court: "The Court has ruled, counsel. Call the next case."
 {¶ 9} Contrary to Robinson's argument, the trial court was not within its discretion when it dismissed the case with prejudice.[1] The transcript shows that the state made a Crim. R. 48(A) motion that the case be dismissed without prejudice. Notwithstanding the State's motion, the trial court dismissed the case with prejudice. We find that based on the motion before the court and the record before us, the trial court had no authority to dismiss the case with prejudice. The record shows no evidence or claim of constitutional or statutory violations of Robinson's rights. Accordingly, the trial court had no discretion to dismiss the case with prejudice. If the trial court determined the State's motion should be denied, then it should have proceeded to trial as the State requested. Based on the foregoing, we find that the State's sole assignment of error has merit.
 III {¶ 10} The State's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J., Batchelder, J. concur
[1] Robinson argues that the trial court did not abuse its discretion and that the trial court properly acted within the bounds of Crim. R. 48(B). This Court finds no reference in the trial court's journal entry or the transcript to support Robinson's assertion that the trial court invoked Crim. R. 48(B) and therefore, we decline to address said argument.