DECISION AND JOURNAL ENTRY
{¶ 1} The State has appealed from the judgment of the Summit County Court of Common Pleas that dismissed with prejudice its case against Defendant-Appellee Deadric Verdell Brown. This Court reverses.
 I {¶ 2} On January 3, 2005 an indictment was filed against Defendant-Appellee Deadric Verdell Brown ("Brown") for two counts of domestic violence in violation of R.C. 2919.25(A), felonies of the third degree. Brown pled not guilty to both counts of domestic violence and the case was subsequently set for trial on March 10, 2005.
 {¶ 3} On March 10, 2005, the State made an oral motion to dismiss the indictment against Brown without prejudice. Notwithstanding the State's motion, the trial court ordered that the indictment against Brown be dismissed with prejudice and its journal entry stated that the dismissal was at the request of the State.
 {¶ 4} The State has timely appealed the trial court's judgment, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT COMMITTED ERROR WHEN IT DISMISSED THE INDICTMENT IN THIS CASE WITH PREJUDICE."
 {¶ 5} In its sole assignment of error, the State has argued that the trial court erred when it dismissed the case against Brown with prejudice. Specifically, the State has argued that the trial court erred when it dismissed the case with prejudice because the State's motion was to dismiss the case without prejudice. Further, the State has argued that based on its Crim.R 48(A) motion, the trial court had two options: 1) grant the motion, dismissing the case without prejudice or 2) deny the motion and order the parties to trial. We agree.
 {¶ 6} As an initial matter, this Court notes that Brown failed to file an appellate brief in the instant appeal. Therefore, "[p]ursuant to App. R. 18(C), this Court may accept the Appellant's statement of the facts and issues as presented in Appellant's brief as correct and reverse the judgment of the trial court if [Appellant's] brief reasonably appears to sustain such action." Bank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2.
 {¶ 7} Pursuant to Crim. R. 48(A):
"The state may by leave of the court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."
 {¶ 8} When the State makes a motion to dismiss a case pursuant to Crim. R. 48(A), a trial court has two options: 1) grant said motion; or 2) deny it and order the case to proceed to trial. See Id.; State v. Smith
(Jan. 3, 1990), 9th Dist. No. 2493, at 7. To dismiss a case with prejudice on a Crim. R. 48(A) motion, a trial court must find a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution. State v. Dixon
(1984), 14 Ohio App.3d 396, 397.
 {¶ 9} A review of the transcript reveals the following colloquy occurred on March 10, 2005 in the proceedings before the trial court:
[State]: "Your Honor, it is the State's intention to dismiss this casewithout prejudice today because based on the fact that the victim, who we anticipated on being here, is not present. * * * We do intend on refilling this once [the victim] is picked up on [an outstanding] capias [on another matter]. (Emphasis added).
[Counsel for Defendant]: "Your Honor, I would ask for it to be dismissed with prejudice."
 {¶ 10} The trial court and parties then discussed the facts of the case, including the injuries suffered by the victim, and the trial court announced that it would dismiss the case with prejudice; the court then dismissed the case with prejudice. The State then asked the trial court again to dismiss the case without prejudice, but the trial court refused and restated its judgment that the case was dismissed with prejudice. The record does not contain the trial court's reasons for dismissing the case with prejudice.
 {¶ 11} In a journal entry filed March 11, 2005 the trial court stated the following:
"Upon Motion of the Prosecuting Attorney on behalf of the State of Ohio, and for good cause shown, the Court hereby Orders that the Indictment in this case as to the said Defendant, DEADRIC VERDELL BROWN, be DISMISSED with prejudice."
 {¶ 12} Based on a review of the record and the facts and issues as presented by the State, we find that the trial court was not within its discretion when it dismissed the indictment against Brown with prejudice. The transcript shows that the State made a motion to dismiss the case without prejudice, which is proper under Crim. R. 48(A). Notwithstanding the State's motion, the trial court dismissed the case with prejudice. We find that based on the motion before the court and the record before us, the trial court had no authority to dismiss the case with prejudice. The record shows no evidence or claim of constitutional or statutory violations of Brown's rights. If the trial court determined the State's motion should be denied, then it should have proceeded to trial. See State v. Robinson, 9th Dist. No. 22225, 2005-Ohio-269, at ¶ 9. Based on the foregoing, we find that the State's sole assignment of error has merit.
 III {¶ 13} The State's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, J. Moore, J. concur