DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} The State has appealed from the judgment of the Summit County Court of Common Pleas that dismissed with prejudice its case against Defendant-Appellee Freddie L. Walker. This Court reverses.
 I {¶ 2} On May 3, 2005 a direct indictment was filed against Defendant-Appellee Freddie L. Walker ("Walker") for one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree. Walker waived his right to an arraignment on this charge and entered a plea of not guilty. The case was set for trial on June 30, 2005.
 {¶ 3} On June 20, 2005, the State moved to continue the trial due to a scheduling conflict with one of its witnesses. This motion was granted and the trial was continued to August 4, 2005. On the date of trial the State moved for a dismissal without prejudice as the victim had not appeared and the State had failed to obtain service on her. Walker moved the court to dismiss with prejudice. Over objection by the State, the court dismissed the case with prejudice.
 {¶ 4} The State has timely appealed the trial court's judgment, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT DISMISSED THE INDICTMENT WITH PREJUDICE."
 {¶ 5} In its sole assignment of error, the State has argued that the trial court erred when it dismissed the case against Walker with prejudice. Specifically, the State has argued that the trial court erred when it dismissed the case with prejudice
because the State's motion was to dismiss the case withoutprejudice. Further, the State has argued that, based on its Crim.R 48(A) motion, the trial court had two options: 1) grant the motion, dismissing the case without prejudice or 2) deny the motion and order the parties to trial. We agree.
 {¶ 6} Pursuant to Crim.R 48(A):
"The state may by leave of the court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."
 {¶ 7} "When the State makes a motion to dismiss a case pursuant to Crim.R 48(A), a trial court has two options: 1) grant said motion; or 2) deny it and order the case to proceed to trial." State v. Robinson, 9th Dist. No. 22225, 2005-Ohio-269, at ¶ 7. "To dismiss a case with prejudice on a Crim.R 48(A) motion, a trial court must find a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution." Id., citing State v.Dixon (1984), 14 Ohio App.3d 396, 397.
 {¶ 8} A review of the transcript reveals the following colloquy occurred on August 4, 2005 in the proceedings before the trial court:
State: "The State is moving to dismiss this case without
prejudice as well due to the fact that the victim — we have not been able to obtain service on the victim * * * in order to have her appear in court. Based on that, we would ask the Court to dismiss without prejudice. (Emphasis added).
"* * *
Counsel for Defendant: "There is no objection to the dismissal. We would just ask the court to dismiss with prejudice."
 {¶ 9} The trial court then inquired into defense counsel's preparedness for trial and briefly discussed the previous continuance granted to the State. The trial court made no inquiry into the facts of the case and dismissed the case with prejudice based solely upon defense counsel's preparedness for trial and the previous continuance granted to the State. The trial court ruled:
"Based upon the fact that the defense is prepared for trial, this is the second time, the Court will dismiss the case. The case will be dismissed with prejudice at this time, not subject to future filing."
 {¶ 10} Based on a review of the record and the facts and issues as presented by both parties, we find that the trial court was not within its discretion when it dismissed the indictment against Walker with prejudice. The transcript shows that the State made a motion to dismiss the case without prejudice, which is proper under Crim.R 48(A). Notwithstanding the State's motion, the trial court dismissed the case with prejudice. We find that based on the motion before the court and the record before us, the trial court had no authority to dismiss the case with prejudice. See Robinson at ¶ 9. The record shows no evidence or claim of constitutional or statutory violations of Walker's rights. If the trial court determined that the State's motion should be denied, then it should have proceeded to trial. Id. Based upon the foregoing, we find that the State's sole assignment of error has merit.
 III {¶ 11} The State's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J. Moor, J. concur.