OPINION
{¶ 1} Justin Conn appeals from an order revoking his community control sanctions for telephone harassment in two cases and imposing an aggregate term of seven years and eight months in prison. On appeal, Conn claims that the trial court *Page 2 
erred in imposing consecutive sentences. For the following reasons, Conn's sentence will be affirmed.
 I. {¶ 2} On March 7, 2005, Justin Conn pled guilty to twenty-six counts of telephone harassment, in violation of R.C. 2917.21(A)(1)(C)(2), a fifth degree felony, in Case No. 2004-CR-206. The state dismissed seventeen additional counts of telephone harassment. After a hearing on April 22, 2005, the court sentenced Conn on each count to three years of community control and to pay a $300 fine, to run concurrently. The conditions of Conn's community control included that he pay restitution, that he successfully complete mental health counseling, and that he successfully complete the residential program at West Central Community Based Correctional Facility ("West Central"). The court indicated that the revocation of community control would result in a sentence of eleven months in prison, with all twenty-six counts to be served consecutively for an aggregate sentence of twenty-three years and ten months in prison.
 {¶ 3} On January 18, 2006, the court found Conn guilty of violating the terms of his community control by admitting to his supervising officer that he was using marijuana on a daily basis and that he had made several phone calls to the victims of his original offense since being released from West Central. The court did not sentence Conn for the community control violation at this time.
 {¶ 4} Based on his harassing telephone calls while on community control, Conn was indicted for twenty-two counts of telephone harassment. Case No. 2005-CR-269. On February 2, 2006, Conn pled guilty to ten counts of telephone *Page 3 
harassment. The state dismissed twelve additional counts of telephone harassment and recommended that the sentence in Case No. 2005-CR-269 run concurrent to the sentence in Case No. 2004-CR-206. The court sentenced Conn on each count to five years of community control and it ordered him to pay a fine of $200, with all counts to be served concurrently. Again, one of the conditions of community control was that Conn successfully complete the residential program at West Central Community Based Correctional Facility. The court indicated that the revocation of community control in Case No. 2005-CR-269 would result in a sentence of twelve months in prison on each count, with certain counts to be served consecutively for an aggregate sentence of four years in prison. The court reiterated that the revocation of community control in Case No. 2004-CR-206 would result in an aggregate sentence of twenty-three years and ten months in prison and that it would be served consecutively to the four-year sentence in Case No. 2005-CR-269. Accordingly, a revocation of community control would result in twenty-seven years and ten months of imprisonment.
 {¶ 5} In October 2006, the court held a hearing on whether Conn had violated the terms of his community control in Case No. 2005-CR-269 by being terminated unsuccessfully from West Central. On January 2, 2007, the court found Conn guilty of violating his community control, and it revoked his community control in both cases. The court sentenced Conn to an aggregate sentence of four years in prison in Case No. 2005-CR-269. In Case No. 2004-CR-206, the court sentenced him to eleven months in prison on each count. It indicated that counts one, twenty-two, thirty-five, and forty-three were to be served consecutively to each other, for a total of forty-four months in prison, and consecutively to the four-year sentence in Case No. 2005-CR-269. *Page 4 
Although the court did not address the additional twenty-three counts in Case No. 2004-CR-206 in its judgment entry, it announced at sentencing that they were to be served concurrently with the other sentences.
 II. {¶ 6} In his sole assignment of error, Conn claims that the trial court erred in imposing consecutive sentences because the resulting sentence was against the purposes and principles of sentencing. He states that the court could have imposed a less restrictive sentence while still protecting society. Conn notes that he did not threaten anyone over the telephone; rather, he was either silent or breathed into the phone. He further states that psychological evaluations revealed that he received sexual gratification from the telephone calls and that mental health treatment was a more appropriate sentence.
 {¶ 7} Under R.C. 2929.19(B)(5), when the trial court imposes community control sanctions, it must also indicate the specific prison term that may be imposed if the defendant violates the terms of his community control. Upon a violation of community control, the court may impose a longer time under the same community control sanction, a more restrictive sanction, or a prison term. R.C. 2929.15(B). If a prison term is imposed as a sanction, the term must be within the sentencing range for the offense for which community control had been imposed, and it may not exceed the specific prison term indicated by the trial court at the original sentencing hearing. The court may, in its discretion, impose a shorter term of imprisonment than indicated under R.C.2929.19(B)(5). State v. Trainer, Champaign App. No. 2006-CA-23,2007-Ohio-6698, ]}37. *Page 5 
 {¶ 8} As acknowledged by Conn, since State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the appellate court reviews felony sentences for an abuse of discretion. State v. Bradley, Champaign App. No. 2006-CA-31, 2007-Ohio-6583, ]}42. "Abuse of discretion" connotes more than a mere error of law or an error in judgment; it implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144. Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the permissible range authorized by R.C.2929.14(A). State v. Cowan, 167 Ohio App.3d 233, 2006-Ohio-3191, at]}22.
 {¶ 9} "Although after Foster trial courts are not required to make any findings or give reasons before imposing any sentence within the authorized statutory range, including maximum, consecutive, or more than minimum sentences, Foster syllabus at f7, courts nevertheless are still required to comply with the sentencing laws unaffected byFoster, such as R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855."State v. Lewis, Greene App. No. 2006-CA-119, 2007-Ohio-6607, f7.
 {¶ 10} Conn's community control in Case No. 2004-CR-206 was revoked due to his substance abuse and his engaging in telephone harassment of the same victims almost immediately after his discharge from West Central. This bout of telephone harassment resulted in Case No.2005-Ohio-269. The court found that Conn had violated the terms of his community control in Case No. 2005-Ohio-269 when he was unsuccessfully discharged from West Central due to an incident on August 30, 2006, *Page 6 
which apparently involved looking into the window of a hotel room.
 {¶ 11} In sentencing Conn to prison for violating his community control, the court's judgment entry states that it considered the purposes and principles of felony sentencing. At the sentencing hearing, the court expressly considered recidivism factors, indicating that it believed that Conn had a high risk of re-offending. While the court recognized and congratulated Conn for earning his GED, the court concluded that Conn was "not able to achieve other types of improvement in [his] behavior." Considering the substantial number of telephone harassment offenses (thirty-six), Conn's inability to refrain from engaging in the same behavior upon his first completion of the West Central program, his substance abuse and mental health issues, and his conduct on August 30, 2006, the trial court's conclusion is borne out by the record. Although Conn's aggregate sentence of seven years and eight months in prison is substantial, the sentence is approximately one-quarter of the prison term that the court had indicated it would impose per R.C. 2929.19(B)(5). We find no abuse of discretion in its determination that a seven year and eight month sentence was appropriate.
The assignment of error is overruled.
 III. {¶ 12} Having overruled the sole assignment of error, the judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by *Page 7 
assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1