[Cite as *State v. Jackson*, 2024-Ohio-2302.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    23CA012002 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STETHON JACKSON | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.    23CR108366 |

DECISION AND JOURNAL ENTRY

Dated: June 17, 2024

SUTTON, Judge.

{¶1}    Plaintiff-Appellant State of Ohio appeals from the judgment of the Lorain County Court of Common Pleas dismissing the indictment against Defendant-Appellee Stethon Jackson. This Court reverses.

I.

{¶2}    Mr. Jackson was indicted by a Lorain County Grand Jury on one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; two counts of having weapons while under a disability in violation of R.C. 2923.13(A)(2) and (A)(3), both felonies of the third degree; one count of discharge of a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3), a misdemeanor of the first degree; and one count of aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree.

{¶3}    The charges stemmed from an incident where the State alleged Mr. Jackson threatened to kill the victim, M.J., during an argument at Mr. Jackson's  apartment.  The State

alleged Mr. Jackson then discharged a firearm into the air as the victim sat in his truck, pointed the gun at the victim, and pulled the trigger. The gun jammed and a bullet was not fired. After the gun jammed, the State alleged Mr. Jackson made the victim get out of the truck and then hit her with the gun several times in the face until she fell to the ground. The victim eventually was able to escape and ran to a nearby house, where the homeowner called the police.

{¶4} Mr. Jackson pleaded not guilty to all charges in the indictment. A jury trial was scheduled.

{¶5} Before the trial commenced, the State filed a "Notice of Intent to Offer Statements of Witness Without Opportunity for Cross-Examination Under Forfeiture by Wrongdoing[.]" In that notice, the State moved the trial court to allow the State to introduce certain statements of the victim without the benefit of cross-examination under the hearsay exception set forth in Evid.R. 804(B)(6). The State outlined its evidence in the form of jail calls between Mr. Jackson and the victim. The State alleged over 100 calls took place between Mr. Jackson and the victim in the previous three months, each of which violated a criminal protection order that prohibited contact between Mr. Jackson and the victim. In those calls, Mr. Jackson repeatedly urged the victim to avoid contact with the prosecutor's office, urged the victim to change the statements she made to police investigators, and asked the victim to make false statements. Mr. Jackson filed a response in opposition to the State's request.

{¶6} On the day the trial was to start, the trial court held a hearing with respect to the State's motion. At the hearing, the State introduced the jail phone call recordings into evidence and played them for the trial court. The State also presented the testimony of a victim advocate from the Prosecutor's Office. The victim advocate testified the victim refused to complete a medical release form and the victim had also failed to return the victim advocate's calls. The

victim advocate did speak with the victim that morning, but the victim hung up on the advocate when the advocate asked the victim if she would be attending the trial. The State also presented the testimony of the victim's mother, who testified she had spoken to her daughter and her daughter told her she would not be coming to the court.

{¶7} After reviewing the evidence presented at the hearing, the trial court granted the State's motion to introduce statements of the victim without the benefit of cross-examination. The trial court "found the State had proved by a preponderance of the evidence that [Mr. Jackon] engaged in wrongdoing that resulted in the unavailability of the complaining witness, M.J., and * * * cause[d] the complaining witness to be unavailable at trial." The trial court also indicated:

> despite there being a no contact order in place, [Mr. Jackson] repeatedly contacted [the victim] to request that she recant her statement made to the police with regard to the incident leading to the indictment against [Mr. Jackson], even discussing with [the victim] that he had a right to confront his accusers and that without her the case would be over. Additionally, [Mr. Jackson] made at least one statement to appeal to [the victim] that his life would be seriously impacted if he went to trial and made numerous contacts from the jail to encourage [the victim] to change her story and not appear at court.

The trial court then held the victim was unavailable and held that it would allow the State to present hearsay statements of the victim based upon forfeiture by wrongdoing.

{¶8} The next day, the trial commenced and a jury was impaneled. The State presented the testimony of three witnesses. The trial court adjourned proceedings until the next day. On day two of the trial proceedings, during a mid-morning recess, defense counsel informed the trial court that the victim had been arrested and was being held at the jail in Erie County, Ohio. The trial court inquired of the State's knowledge of the victim's status, and the State admitted to the trial court that it became aware the victim had been arrested when her mother arrived at the court the previous morning. Defense counsel argued the victim's incarceration made her available, because

she could be brought to testify from the jail in Erie County to the trial court in Lorain County. The trial court then declared a mistrial and released the jury from service over the State's objection.

{¶9} The trial court then asked both parties to brief the issue regarding whether the State could proceed with a retrial of Mr. Jackson. After considering the briefs, and conducting a hearing, the trial court issued an order dismissing the indictment against Mr. Jackson with prejudice.

{¶10} The State timely appealed, assigning two errors for this Court's review.

II.

## ASSIGNMENT OF ERROR I

**[THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING THE INDICTMENT AGAINST STETHON JACKSON WITH PREJUDICE PURSUANT TO CRIM.R. 48(B) ABSENT A FINDING THAT HE WAS DENIED A CONSTITUTIONAL OR STATUTORY RIGHT, THE VIOLATION OF WHICH WOULD, IN ITSELF, BAR PROSECUTION.**

{¶11} In its first assignment of error, the State argues the trial court abused its discretion in dismissing the indictment against Mr. Jackson with prejudice. We agree.

{¶12} "Pursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice." *State v. Troisi*, 169 Ohio St.3d 514, 2022-Ohio-3582, ¶ 39, quoting *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, ¶ 16. A trial court's decision to dismiss an indictment is reviewed for an abuse of discretion. *Troisi* at ¶ 17. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "An unreasonable decision is one that lacks sound reasoning to support the decision." *State v. Green*, 9th Dist. Medina No. 23CA0009-M, 2024-Ohio-997, ¶ 21.

{¶13} Crim.R. 48, which provides for dismissal of indictments, states as follows:

**(A) Dismissal by the State**.

The [S]tate may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate.

**(B) Dismissal by the [c]ourt**.

If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.

(Emphasis in the original.)  Since "neither Crim.R. 48(A) nor Crim.R. 48(B) expressly provides for a dismissal with prejudice, a dismissal * * * with prejudice may be entered only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution." *Triosi* at ¶ 40, quoting *State v. Mills*, 11th Dist. Trumbull Nos. 2020-T-0046 and 2020-T-0047, 2021-Ohio-2722, ¶ 6.  "Dismissals with prejudice are more appropriate for cases involving the deprivation of a defendant's rights to a speedy trial or against double jeopardy, which would preclude further proceedings." *Id*.  "[S]o long as the [S]tate can reindict [an] offender and further prosecution would not be statutorily or constitutionally barred, the action must be dismissed without prejudice." *State v. Payne*, 8th Dist. Cuyahoga No. 111693, 2023-Ohio-1294, ¶ 7, citing *Triosi* at ¶ 40.

{¶14}  Here, the trial court's order dismissing the indictment does not make any reference to or finding that a constitutional or statutory right was violated that would bar further prosecution of Mr. Jackson.  The trial court's order does not outline the trial court's rationale for dismissing the indictment with prejudice and instead details the multiple reasons for which the trial court declared a mistrial.  However, the State has not challenged the trial court's declaration of a mistrial on appeal.  The trial court's order does allude to possible violations of the Confrontation Clause during the trial and potentially in the future.  However, a violation of Mr. Jackson's constitutional rights under the Confrontation Clause in this case is not a constitutional violation that would bar

further prosecution of Mr. Jackson. *See Id.* at ¶ 8 ("A defendant's constitutional right to confront his accuser does not preclude further prosecution. Any rights guaranteed under the Sixth Amendment concern admissibility of evidence at trial[]" and "[a]dmissibility of evidence does not impact or invoke double-jeopardy principles."). *See also State v. Strong*, 8th Dist. Cuyahoga No. 100766, 2014-Ohio-4209; *State v. Nix*, 8th Dist. Cuyahoga No. 111803, 2023-Ohio-1143, ¶ 15-23.

{¶15} Additionally, a review of the record does not establish a constitutional or statutory violation of Mr. Jackson's rights, which would bar further prosecution of Mr. Jackson, occurred in this case. Mr. Jackson argues that the State engaged in prosecutorial misconduct, and that misconduct is what prevents the State from pursuing a subsequent indictment. However, the trial court specified it did not find that the State's intention was to subvert Mr. Jackson's right to cross-examination of the victim. The trial court stated:

> If this [c]ourt were to permit a retrial of the [d]efendant, it would almost encourage the State to make half-hearted attempts to improperly subpoena uncooperative victims, with the hope that the [d]efendant and the [trial court] don't notice, and then introduce hearsay statements to convict a [d]efendant instead. To be clear, that is not to say that this was the intention of the State here.

As indicated above, the trial court did not reference or make a finding that a constitutional or statutory violation that would bar further prosecution of Mr. Jackson occurred in this matter. For these reasons, the trial court's decision to dismiss the indictment with prejudice fails to "provide clear reasoning to support its decision" and does not meet the requirements of Crim.R. 48. Thus, the trial court abused its discretion in dismissing the indictment with prejudice. *See Strong* at ¶ 12.

{¶16} The State's first assignment of error is sustained.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED BY DISMISSING THE INDICTMENT AGAINST STETHON JACKSON WITH PREJUDICE WHERE THE STATE DID NOT ENGAGE IN CONDUCT WHICH INTENTIONALLY GOADED THE DEFENSE INTO REQUESTING A MISTRIAL.**

**{¶17}** Given this Court's resolution of the first assignment of error, the State's second assignment of error is moot and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

**{¶18}** The State of Ohio's first assignment of error is sustained and its second assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is reversed and cause is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

⎯⎯⎯⎯

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.


                                        _____
                                          BETTY SUTTON
                                          FOR THE COURT


STEVENSON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellant.

GIOVANNA V. BREMKE, Attorney at Law, for Appellee.