[Cite as *State v. Beauford*, 2025-Ohio-5836.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. Nos. | 31369 |
| | | 31370 |
| Appellant | | |
| v. | | |
| | | APPEAL FROM JUDGMENT |
| TERRY M. BEAUFORD | | ENTERED IN THE |
| | | AKRON MUNICIPAL COURT |
| Appellee | | COUNTY OF SUMMIT, OHIO |
| | | CASE No.   24CR08483 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2025

---

STEVENSON, Judge.

{¶1}   Plaintiff-Appellant, City of Akron ("City"), appeals from the judgments of the Akron Municipal Court granting Defendant-Appellee Terry Beauford's motion to suppress and dismissing Mr. Beauford's case with prejudice.  For the reasons set forth below, this Court reverses and remands for further proceedings consistent with this opinion.

I.

{¶2}   Akron Police Officers Graziani and Kenney were patrolling on East Archwood Avenue in Akron, Ohio, and observed Mr. Beauford's vehicle turn right onto South Main Street into the left lane instead of the closest lane.  Based on the illegal turn, the officers initiated a traffic stop.  As Officer Graziani approached Mr. Beauford's vehicle on the passenger side, he smelled burnt marijuana. Officer Kenney approached the driver's side but did not detect an odor of marijuana.  Another officer who arrived on the scene after Officers Graziani and Kenney also

smelled marijuana and informed Kenney, who then asked Mr. Beauford to exit his vehicle. When Mr. Beauford refused to comply, he was removed from the vehicle by the officers and arrested.

{¶3} Mr. Beauford was charged with one count of obstructing official business in violation of Akron Code of Ordinances 136.11. Mr. Beauford moved to suppress, challenging the legality of the stop and "any and all evidence gathered following the unlawful warrantless seizure of [him] – including . . . any references to the interactions with police which led to [him] being charged with Obstructing Official Business." The trial court found that "probable cause existed to stop [Mr. Beauford] for an improper turn[,]" but that "probable cause to order [Mr. Beauford] to exit the vehicle did not exist because the officer closest to [Mr. Beauford] and talking w[ith] [him] did not smell or suspect any use of marijuana or other substance." The court denied in part and granted in part Mr. Beauford's motion, suppressing the evidence gathered after the stop.

{¶4} During a hearing conducted the next day, the City moved to dismiss the cases against Mr. Beauford without prejudice. Mr. Beauford responded by requesting that his cases be dismissed with prejudice given the court's ruling on the suppression issue. The court granted Mr. Beauford's request to dismiss with prejudice. In its oral ruling, the court stated that "[g]iven the suppression that was conducted . . . and the testimony that was provided and the evidence and my ruling from the bench, I will grant the [motion] to dismiss with prejudice . . . ." In its written judgment entry, the trial court stated only that the "motion to dismiss with prejudice is granted."

{¶5} The City timely appeals from the suppression order and the order of dismissal, setting forth two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I:**

**THE TRIAL COURT ERRED WHEN IT SUPPRESSED EVIDENCE ON GROUNDS NOT ADVANCED IN MR. BEAUFORD'S MOTION TO**

**SUPPRESS AND ON MISAPPLICATION OF THE LAW, CONSTITUTING BOTH ERROR AND PLAIN ERROR.**

## ASSIGNMENT OF ERROR II:

**THE TRIAL COURT ERRED WHEN [IT] DISMISSED THE CASE WITH PREJUDICE.**

{¶6} We will address the City's assignments of error out of order as the second assignment of error is dispositive of this appeal.

{¶7} The City argues in its second assignment of error that in dismissing the case with prejudice before the seven-day period for appealing the decision had elapsed, the trial court deprived it of the substantive right of appellate review of a motion to suppress under R.C. 2945.67 and barred it from refiling the charges against Mr. Beauford. The City further argues that the trial court did not make findings of fact setting forth the reasons for the dismissal as required by Crim.R. 48(B). Mr. Beauford argues in response that the trial court dismissed the case at the City's request and the City failed to object as required by Crim.R. 48(B); therefore, the City forfeited any challenge to the court's decision and the "findings of fact" requirement of Crim.R. 48(B) does not apply.

{¶8} The City does not dispute that Crim.R. 48(B) requires that the dismissal by the court must be "over objection of the state," but argues that its motion to dismiss without prejudice constituted a sufficiently clear objection to the case being dismissed with prejudice and that it did not need to repeat its request or ask the trial court to reconsider its decision immediately after the ruling in order to preserve the issue for appellate review.

{¶9} As a threshold matter, we agree with the City that its motion to dismiss without prejudice was sufficient to constitute an "objection of the State" for purposes of Crim.R. 48(B). By moving to dismiss without prejudice, clearly the City did not consent to the case being

dismissed with prejudice. There was no need to formally object or repeat its request that the case be dismissed without prejudice after the court's contrary ruling to preserve the matter for appellate review. We addressed a similar scenario in *State v. Walker*, 2006-Ohio-917 (9th Dist.). In *Walker*, the State requested to dismiss without prejudice, and defense counsel requested dismissal with prejudice. *Id*. at ¶ 8. The court dismissed with prejudice and the State appealed. *Id.* at ¶ 9. We reversed and remanded to the trial court. *Id*. at ¶ 11. Our consideration of the merits of the State's appeal in *Walker* was not dependent on the State taking any action other than moving to dismiss without prejudice in order to preserve the issue for appellate review. We did not indicate that the motion, standing alone, was insufficient to preserve the matter and that a formal objection to the court's ruling was necessary. *See Id*. at ¶ 10.

{¶10} We review a trial court's dismissal of an indictment pursuant to Crim.R. 48 under an abuse of discretion standard. *State v. Jackson*, 2024-Ohio-2302, ¶ 12 (9th Dist.). "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Id.,* citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶11} In *Jackson* we addressed the appropriateness of a dismissal with prejudice over the State's objection, stating as follows:

> Since neither Crim.R. 48(A) nor Crim.R. 48(B) expressly provides for a dismissal with prejudice, a dismissal . . . *with prejudice may be entered only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution.* Dismissals with prejudice are more appropriate for cases involving the deprivation of a defendant's rights to a speedy trial or against double jeopardy, which would preclude further proceedings. [S]o long as the [S]tate can reindict [an] offender and further prosecution would not be statutorily or constitutionally barred, the action *must* be dismissed without prejudice.

(Emphasis added.) (Internal quotations and citations omitted.) *Id*. at ¶ 13. We ultimately reversed the trial court's dismissal with prejudice, reasoning as follows regarding the contents of the trial court's order of dismissal:

> Here, *the trial court's order dismissing the indictment does not make any reference to or finding that a constitutional or statutory right was violated that would bar further prosecution of Mr. Jackson. The trial court's order does not outline the trial court's rationale for dismissing the indictment with prejudice* and instead details the multiple reasons for which the trial court declared a mistrial. . . .
>
> . . .
>
> As indicated above, *the trial court did not reference or make a finding that a constitutional or statutory violation that would bar further prosecution of Mr. Jackson occurred in this matter*. . . . the trial court's decision to dismiss the indictment with prejudice *fails to 'provide clear reasoning to support its decision' and does not meet the requirements of Crim.R. 48.* Thus, the trial court abused its discretion in dismissing the indictment with prejudice. *See* [*State v.*] *Strong*, [2014-Ohio-4209], at ¶ 12 [(8th Dist.)].

(Emphasis added.) *Id.* at ¶ 14-15; *see also*, *State v. Bales*, 2012-Ohio-4426, ¶ 14 (9th Dist.) (trial court abused its discretion by failing to make findings in order dismissing with prejudice that the defendant had been denied either a constitutional or statutory right that would bar prosecution); *State v. Grundy*, 2006-Ohio-521, ¶ 7-8 (9th Dist.) (trial court's order dismissing the case with prejudice over the state's objection was an abuse of discretion when the record did not contain the court's reasons for dismissing with prejudice nor contain evidence of a constitutional or statutory violation).

{¶12} Thus, according to this Court, in order to meet the requirements of Crim.R. 48(B), the trial court's order dismissing with prejudice *must* include findings that support its decision with clear reasoning explaining its rationale and the constitutional or statutory violation that bars further prosecution. Failure to do so constitutes an abuse of discretion.

{¶13} Here, the trial court's written judgment entry dismissing with prejudice makes no findings whatsoever regarding whether the record contains evidence of a

constitutional or statutory violation that bars further prosecution. While the court's oral ruling at the hearing references its order granting Mr. Beauford's motion to suppress, the court did not state whether the reason for the suppression qualifies as a deprivation of Mr. Beauford's constitutional or statutory rights and that the suppression bars further prosecution. As such, the court's order is incomplete and an abuse of discretion. While both sides vigorously argue whether further prosecution is barred, the trial court must make that determination. This Court will not do so in the first instance. *Kaplack v. Medina City School Dist. Bd. of Edn.*, 2025-Ohio-221, ¶ 43-44 (9th Dist.).

{¶14} Accordingly, based on the foregoing, the City's second assignment of error is sustained based on the trial court's failure to make the appropriate findings. The matter is reversed and remanded to the trial court for further proceedings consistent with this opinion. The City's first assignment of error is premature.

III.

{¶15} The City's second assignment of error is sustained. The judgment of the Akron Municipal Court dismissing Mr. Beauford's case with prejudice is remanded to the trial court for further proceedings consistent with this opinion. The City's first assignment of error is premature and will not be addressed at this time.

Judgment reversed,
and cause remanded

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

DEBORAH S. MATZ, Director of Law, and BRIAN D. BREMER and KIRSTEN L. SMITH, Assistant Directors of Law, for Appellant.

JOSEPH SHELL, Attorney at Law, for Appellee.