[Cite as *State v. Blevins*, 2017-Ohio-8225.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104704**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KARLOS BLEVINS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586423-A

**BEFORE:** Laster Mays, J., McCormack, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 19, 2017

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114


**FOR APPELLANT**

Karlos Blevins, pro se
Inmate No. 680296
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Mahmoud S. Awadallah
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Karlos Blevins ("appellant")[1] appeals the trial court's mandatory transfer of appellant's case from the Juvenile Division to the General Division of the Cuyahoga County Court of Common Pleas to be tried as an adult. Based on the Ohio Supreme Court's recent ruling in *State v. Aalim*, Slip Opinion No. 2017-Ohio-2956 ("*Aalim II*"), we find appellant's error to be without merit.

## I. Background

**{¶2}** On March 15, 2014, appellant attended a dance held at the Garfield Heights Community Center where a shooting occurred involving two gang factions. A firearm wielded by appellant was tied to the shooting death of 15-year-old Davone Wright. Appellant was 17 years old at the time of the incident.

**{¶3}** Pursuant to the mandatory bindover provisions of R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b), appellant's case was transferred from the Juvenile Division to the General Division of the Cuyahoga County Court of Common Pleas. On July 1, 2014,

---

[1] On November 20, 2016, Blevins's assigned counsel filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking approval to withdraw on the ground that there were no nonfrivolous issues available for appeal. On November 21, 2016, we held the motion in abeyance pending the Ohio Supreme Court's ruling in *Aalim II*. On January 26, 2017, appellant filed a merit brief pro se. On February 21, 2017, after the release of the opinion in *Aalim*, this court sua sponte denied the *Anders* motion and returned the case to the regular docket. Briefing was completed, and Blevins was represented by counsel at oral argument.

appellant was indicted by the Cuyahoga County Grand Jury for one count of aggravated murder with firearm and criminal gang activity specifications; two counts of murder with firearm and criminal gang activity specifications; two counts of felonious assault with firearm and criminal gang activity specifications; one count of grand theft with a firearm specification; one count of tampering with evidence; and two counts of aggravated rioting with firearm and criminal gang activity specifications.

{¶4} On September 14, 2015, appellant pleaded guilty to aggravated murder (R.C. 2903.01) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145), and to tampering with evidence (R.C. 2921.12(A)(1)). The gang specification was deleted, and the remaining charges were nolled. Appellant was sentenced to a term of 23 years to life on the aggravated murder charge with the one- and three-year firearm specifications to be served prior to and consecutive to the 23-year term. Appellant was also sentenced to three years for tampering with evidence to be served concurrently with the aggravated murder sentence. This appeal ensued.[2]

## II. Analysis

{¶5} The sole assigned error in this case is whether appellant's federal and state due process rights were violated by the mandatory bindover statutes. At the time of the filing of the instant appeal, the governing case law in *State v. Aalim*, Slip Opinion No. 2016-Ohio-8278 ("*Aalim I*"), was favorable to appellant's case:

---

[2] A guilty plea is an admission of factual guilt but it does not preclude a claim on appeal that challenges the trial court's subject-matter jurisdiction. *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78-79.

1. The mandatory transfer of juveniles to the general division of common pleas court violates juveniles' right to due process as guaranteed by Article I, Section 16 of the Ohio Constitution.

2. The discretionary transfer of juveniles 14 years old or older to the general division of common pleas court pursuant to the process set forth in R.C. 2152.10(B) and 2152.12(B) through (E) satisfies due process as guaranteed by Article I, Section 16 of the Ohio Constitution.

*Id.* at syllabus.

{¶6} Upon motion by the state, the Ohio Supreme Court granted reconsideration of its decision in *Aalim I*, and issued *Aalim II*. The court expressed concern that its decision in *Aalim I* effectively:

[U]surped the General Assembly's exclusive constitutional authority to define the jurisdiction of the courts of common pleas by impermissibly allowing a juvenile-division judge discretion to veto the legislature's grant of jurisdiction to the general division of a court of common pleas over this limited class of juvenile offenders.

*Id*. at ¶ 3.

{¶7} The court vacated its decision in *Aalim I* and affirmed the appellate court's decision. "[T]he mandatory bindover of certain juvenile offenders under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions." *Id*. at ¶ 38.

{¶8} Pertinent here to appellant's request that the case be remanded for an amenability hearing,[3] the court determined that substantive due process does not require

_____

[3] An amenability hearing allows the juvenile court to consider whether a juvenile is amenable to treatment and rehabilitation in the juvenile system.

that a juvenile defendant be granted an amenability hearing to determine whether the defendant should be bound over as an adult because juvenile courts were not established statewide by the General Assembly until 1937, and "the amenability hearing was not added to the juvenile court system until 1969." *Aalim II* at ¶ 17.

> Because Ohio's Due Course of Law Clause and the federal Due Process Clause both predate the creation of juvenile courts in Ohio and throughout the United States, these provisions cannot have created a substantive right to a specific juvenile-court proceeding. Therefore, an amenability hearing cannot be "deeply rooted in this Nation's history and tradition" and "'implicit in the concept of ordered liberty.'"

*Id.*, quoting *Moore v. E. Cleveland*, 431 U.S. 494, 551, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977), quoting *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 82 L.Ed. 288 (1977).

{¶9} Finally, *Aalim II* considered the policy underlying the General Assembly's determination that the mandatory bindover provision was necessary "to provide special measures for extraordinary cases, involving older or violent offenders." *Id*. at ¶ 36.

> Prosecuting older juveniles who commit serious crimes in the general division of a common pleas court is rationally related to the legitimate state interest of fighting rising juvenile crime because it allows the most serious juvenile offenders to be prosecuted in the general division, where harsher punishments are available.

*Id*. at ¶ 36.

{¶10} Based on the court's holding in *Aalim II*, appellant is not entitled to the requested relief. The assignment of error lacks merit.

{¶11} The trial court's order is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR