In re STANLEY et al.

[Cite as In re Stanley, 165 Ohio App.3d 726, 2006-Ohio-1279.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

Nos. 05–MA–177 and 05–MA–183.

Decided March 14, 2006.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Rhys B. Cartwright–Jones, Assistant Prosecuting Attorney, for appellant, state of Ohio.

Brennan, Frederick, Vouros & Yarwood, Ltd., and Ronald D. Yarwood, for appellee Craig Franklin.

Heidi Hanni, Michael Gollings, Ronald Knickerbocker, and John Schultz, for appellees Lavelle Stanley, Lavar Paige, Aundre Scrutchen, Montrail Berry, Keith Black.

DONOFRIO, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from six Mahoning County Juvenile Court judgments denying its motions to bind over six juveniles.

{¶ 2} This case involves two appeals that have been consolidated.

{¶ 3} One appeal involves juvenile Craig Franklin. On July 6, 2005, a complaint was filed against Franklin, who was 17 at the time, alleging that he was a delinquent child. The complaint asserted seven counts of felonious assault against seven police officers, all first-degree felonies in violation of R.C. 2903.11 and all with accompanying firearm specifications.

{¶ 4} Appellant filed a motion to relinquish jurisdiction, requesting that the juvenile court hold a preliminary hearing to determine whether to transfer the case to the common pleas court. The juvenile court held a hearing on the matter. The court found that there was probable cause to believe that Franklin had committed the alleged acts. It concluded, however, that the charges are not category I or II offenses as defined by R.C. 2152.02. Therefore, it denied appellant's motion to relinquish jurisdiction.

{¶ 5} On October 10, 2005, appellant filed a motion to dismiss all charges against Franklin. On October 11, the court granted the motion and dismissed all charges. On October 13, appellant filed a notice of appeal.

{¶ 6} The other appeal involves juveniles Lavelle Stanley, Lavar Paige, Aundre Scrutchen, Montrail Berry, and Keith Black. On June 8, 2005, complaints were filed against these juveniles, alleging that they were delinquent children. The complaints alleged that the juveniles participated in a pattern of criminal gang activity, a second-degree felony in violation of R.C. 2923.42.

{¶ 7} As in Franklin's case, appellant filed motions to relinquish jurisdiction with the juvenile court. The juvenile court held hearings on the motions and overruled them, again stating that the charges were not category I or II offenses.

{¶ 8} Appellant filed timely notices of appeal on October 6, 2005.

{¶ 9} At the outset, it should be noted that while appellee Franklin has filed a brief, appellees Stanley, Paige, Scrutchen, Berry, and Black have failed to file briefs in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment as to those appellees if appellant's brief reasonably appears to sustain such action. App.R. 18(C).

{¶ 10} Appellant raises one assignment of error, which states:

{¶ 11} "Where R.C. 2152.12(B) allowed discretionary bindover in these cases, the lower court failed to apply the appropriate statute and incorrectly overruled the state's motion to relinquish jurisdiction on the grounds that the charges were neither category I nor category II offenses."

{¶ 12} Appellant contends that the juvenile court erred in considering only the mandatory bindover factors and failing to consider the discretionary bindover factors in ruling on its motions to relinquish jurisdiction. It refers us to R.C. 2152.12(B). Appellant argues that it is apparent from the juvenile court's judgment entries that it considered only the mandatory bindover factors because it stated that because the charges were not category I or II offenses, the motions to relinquish jurisdiction were overruled. Appellant concedes that it did not establish grounds necessary for mandatory bindover. However, it argues that we must remand these cases so that the juvenile court can consider them pursuant to R.C. 2152.12(B).

{¶ 13} In response, appellee Franklin notes that in his case, after the juvenile court refused to relinquish jurisdiction, appellant filed a motion to dismiss the charges against him, which the court granted. He further contends that appellant then filed new charges against him for attempted murder instead of felonious assault. Therefore, he argues that appellant is now attempting to appeal an order from a case that has been voluntarily dismissed without prejudice. Accordingly, Franklin argues that there is no final appealable order in his case.

{¶ 14} Before addressing the merits of appellant's assignment of error, we must determine whether there is a final appealable order in Franklin's case.

{¶ 15} The juvenile court overruled appellant's motion to relinquish jurisdiction on September 22, 2005. On October 10, appellant filed a motion to dismiss all seven counts against Franklin. On October 11, the court granted appellant's motion and dismissed all seven counts and gun specifications against Franklin. On October 13, appellant filed a notice of appeal from the court's September 22 judgment entry.

{¶ 16} This timeline demonstrates that all charges against Franklin were dismissed before appellant filed a notice of appeal from the judgment denying the bindover. Therefore, when appellant filed the notice of appeal, no case existed from which to appeal. The dismissal of a criminal complaint without prejudice leaves no case to be appealed. See *State v. Beauregard*, 8th Dist. Nos. 85402, 85403, 85404, 85405, 2005-Ohio-3722, 2005 WL 1706963; *State v. Brown*, 8th Dist. No. 84229, 2004-Ohio-5587, 2004 WL 2361820. Thus, as to Franklin, this case lacks a final, appealable order.

{¶ 17} As to the other appellees, however, there is no indication that the charges were ever dismissed. Therefore, we must consider the merits of appellant's argument.

{¶ 18} A juvenile court enjoys wide latitude to retain or relinquish jurisdiction, with the ultimate decision lying in its sound discretion. *State v. Watson* (1989), 47 Ohio St.3d 93, 95, 547 N.E.2d 1181. A decision regarding a bindover should not be reversed absent an abuse of discretion. *State v. Golphin* (1998), 81 Ohio St.3d 543, 546, 692 N.E.2d 608. Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 19} R.C. 2152.10(A) provides specific situations in which a child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred from juvenile court to the common pleas court. Two of those specific situations are when the child is charged with a category I or II offense and was of a certain age at the time of the act charged. R.C. 2152.10(A)(1), (2).

{¶ 20} Appellant concedes that appellees were not eligible for mandatory transfer. Thus, R.C. 2152.10(A) does not apply in this case.

{¶ 21} R.C. 2152.10(B) provides for discretionary transfers. It states:

{¶ 22} "Unless the child is subject to mandatory transfer, if a child is fourteen years of age or older at the time of the act charged and if the child is charged with an act that would be a felony if committed by an adult, the child is eligible for discretionary transfer to the appropriate court for criminal prosecution."

{¶ 23} Appellees meet the requirements for the juvenile court to consider discretionary transfers. All appellees were 14 years old or older at the time of the acts charged. Additionally, they were all charged with acts that would be felonies if committed by an adult. Specifically, they were charged with participating in a pattern of criminal gang activity, a second-degree felony in violation of R.C. 2923.42. Therefore, the juvenile court should have considered whether transfer was permitted under R.C. 2152.10(B).

{¶ 24} When determining whether to transfer a child for criminal prosecution, the juvenile court is required to follow the procedures set out in R.C. 2152.12. R.C. 2152.10(B). Those procedures are as follows:

{¶ 25} "(B) Except as provided in division (A) of this section, after a complaint has been filed alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court at a hearing may transfer the case if the court finds all of the following:

{¶ 26} "(1) The child was fourteen years of age or older at the time of the act charged.

{¶ 27} "(2) There is probable cause to believe that the child committed the act charged.

{¶ 28} "(3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed." R.C. 2152.12(B).

{¶ 29} Reviewing the juvenile court's judgment entries leads to the conclusion that it failed to consider the R.C. 2152.12(B) factors in determining not to transfer appellees. In each appellee's case, the court's judgment entry states: "State's Motion to Relinquish Jurisdiction is overruled since the charge is not a Category I nor II offense." The court gives this as its only reason for not transferring appellees. It makes no reference whatsoever as to whether appellees should or should not be transferred pursuant to the discretionary-transfer statutory sections. Because the court's only given reason for not granting appellant's motions to relinquish jurisdiction was that the charges were not category I or II offenses, we conclude that the court never considered whether it should relinquish jurisdiction based on the discretionary transfer factors.

{¶ 30} Juv.R. 30 also provides for the relinquishment of jurisdiction in juvenile cases. It states that in any proceeding in which the court considers the transfer

of a case for criminal prosecution, the juvenile court is to hold a preliminary hearing to determine whether there is probable cause to believe that the child committed the act alleged and that the act would be an offense if committed by an adult. Juv.R. 30(A). Juv.R. 30(C) further provides:

{¶ 31} "In any proceeding in which transfer of a case for criminal prosecution is permitted, but not required, by statute, and in which probable cause is found at the preliminary hearing, the court shall continue the proceeding for full investigation. The investigation shall include a mental examination of the child by a public or private agency or by a person qualified to make the examination. When the investigation is completed, an amenability hearing shall be held to determine whether to transfer jurisdiction. The criteria for transfer shall be as provided by statute."

{¶ 32} There is no indication that the juvenile court held such a hearing or conducted such an investigation in these cases. In Franklin's case, the judgment entry denying the bindover specifically found that probable cause existed to believe that he had committed the acts charged. However, in the other cases, the court made no such probable-cause findings, nor does it appear that the court held hearings to determine whether probable cause existed. In judgment entries dated June 21, July 6, and July 25, 2005, the trial court stated that probable-cause hearings were scheduled. However, in its August 8 judgment entries, it stated that the probable-cause hearings were converted to hearings on the motions to dismiss. There is no further mention of probable-cause hearings. Therefore, the trial court erred in failing to make a finding as to probable cause. If it made such a finding, it should have then proceeded with an investigation and amenability hearing pursuant to Juv.R. 30(C).

{¶ 33} Based on the record, we can only conclude that the court simply considered whether a mandatory bindover was warranted. Therefore we must conclude that the court abused its discretion in overruling appellant's motions to relinquish jurisdiction without considering whether a discretionary transfer was warranted. Thus, appellant's assignment of error has merit.

{¶ 34} For the reasons stated above, case number 05–MA–183 is hereby dismissed for lack of a final appealable order. The juvenile court's judgments in case number 05–MA–177 are hereby reversed and remanded for the juvenile court to hold hearings and determine whether, pursuant to the discretionary transfer provisions, it should relinquish jurisdiction.

Cause dismissed,
judgment reversed
and cause remanded.

VUKOVICH and WAITE, JJ., concur.