[Cite as *State v. Weaver*, 2019-Ohio-2477.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-18-1078

    Appellee                             Trial Court No. CR0201601949

v.

Calvin Weaver                              **DECISION AND JUDGMENT**

    Appellant                            Decided:  June 21, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Jeremy W. Levy and Eric Allen Marks, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court on appeal from the judgment of the Lucas County Court of Common Pleas, general division, sentencing appellant to an aggregate prison term of 11 years following trial to the bench.  For the reasons that follow, we reverse the trial court's imposition of sentence, and remand the matter for the required procedure under R.C. 2152.121.

## I. Facts and Procedural Background

{¶ 2} On January 29, 2015, two masked men accosted 14-year-old D.C. as she walked home from school, took her to an abandoned garage, and repeatedly raped her. After the assault, the men told D.C. to gather her things and leave, and she escaped, but without her cellphone, ear buds, or money. When D.C. arrived home, she told her brother she was raped at gunpoint and he called the police. D.C. was taken to the hospital for treatment where evidence was also collected. D.C. could not identify the assailants, and while the hospital collected DNA, police had no suspects. The investigation stalled until a year later, when a positive DNA match identified one of the assailants as Travon Mitcheal. Mitcheal then identified appellant, Calvin Weaver, as the second individual. Weaver provided a DNA sample, and his DNA matched samples collected from D.C. Weaver told investigators that he and D.C. engaged in consensual sex, and had arranged the meeting in the abandoned garage. At the time of the incident, Weaver was a juvenile, 16 years old.

{¶ 3} On February 25, 2016, appellee, the state of Ohio, filed a complaint in delinquency against Weaver, charging three counts of rape, in violation of R.C. 2907.02, and one count of kidnapping, in violation of R.C. 2905.01. The facts supporting these charges indicated Weaver used a firearm to commit a category-two offense as provided by R.C. 2152.10. The state moved for mandatory bindover, pursuant to R.C. 2152.10(A)(2)(b)(ii) and 2152.12(A)(1)(b)(ii). The state then moved to amend its transfer request with respect to the kidnapping charge, seeking discretionary transfer

2.

pursuant to R.C. 2152.10(B) and 2152.12(B).  After hearing, the juvenile court granted the motions as to mandatory transfer and discretionary transfer, and relinquished jurisdiction over the case to the general trial division of the common pleas court, for criminal prosecution of Weaver.[1]

{¶ 4} On April 14, 2016, in case No. CR0201601698, the grand jury initially indicted Weaver on one count of rape with a gun specification, and one count of kidnapping, based on the events of January 29, 2015.  Weaver entered a not guilty plea. On May 19, 2016, a new grand jury, considering the same incident, returned a superseding indictment in case No. CR0201601949, charging three counts of rape in Counts 1 through 3 of the indictment, in violation of R.C. 2907.02(A)(2) and (B), each with a firearm specification under R.C. 2941.145 and a gang participation specification under R.C. 2941.142, and one count of kidnapping in Count 4 of the indictment, in violation of R.C. 2905.01(A)(2) and (C), with a firearm specification under R.C. 2941.145 and a gang participation specification under R.C. 2941.142.  Two additional counts were included, charging aggravated robbery in Count 5 of the indictment, in violation of R.C. 2911.01(A)(1), also accompanied by firearm and gang participation specifications, and charging participation in a criminal gang in Count 6 of the indictment,

---

[1] While neither party raises the issue, the juvenile division's secondary consideration of discretionary bindover was improper, as the juvenile court relinquishes jurisdiction over the case, and not the individual charges. *See, e.g., State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, ¶ 15 (in considering jurisdiction, the relevant inquiry focuses on *the case,* and does not permit the court to split a case between the juvenile and general trial divisions).

3.

in violation of R.C. 2923.42(A) and (B). Weaver entered not guilty pleas to all counts and specifications.[2]

{¶ 5} On February 6, 2017, the matter was transferred back to the juvenile court, pursuant to *State v. Aalim*, 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d 862, for an amenability hearing. On July 26, 2017, the general trial division received the case back from the juvenile court.

{¶ 6} On March 1, 2018, Weaver waived his right to a jury trial, and the matter proceeded to a bench trial. The trial court found Weaver guilty of all three rape charges, Counts 1 through 3, and each accompanying gang participation specification, guilty of aggravated robbery in Count 5, and the attached gang participation specification, and guilty of participating in a criminal gang, Count 6. The trial court found Weaver not guilty as to every gun specification, and not guilty as to the kidnapping charge, Count 4 of the indictment. The court revoked Weaver's bond, and ordered a presentence investigation and report, continuing the matter for sentencing on March 27, 2018.

{¶ 7} At sentencing, the trial court imposed a mandatory 4-year prison term for each of the three rape counts, Counts 1 through 3, a 3-year prison term as to Count 5, aggravated robbery, and a 3-year prison term for Count 6, participation in a criminal gang. The court ordered the 4-year sentence for each rape count, Counts 1 through 3, and the 3-year sentence for Count 6, participation in a criminal gang, to be served

---

[2] The trial court entered a nolle prosequi as to the charges in case No. CR0201601698 on March 1, 2018, the first date of trial in case No. CR0201601949.

4.

concurrently, but consecutive to the 3-year sentence imposed for Count 5, aggravated robbery. As to the specifications, the trial court imposed mandatory and consecutive one-year prison terms for the specifications attached to the counts. The trial court, therefore, imposed an aggregate prison term of 11 years, of which 8 years are mandatory.

{¶ 8} This appeal followed, with Weaver asserting the following assignments of error:

I. APPELLANT'S SENTENCE IS CONTRARY TO LAW AND THEREFORE VOID.

II. THE TRIAL COURT LACKED JURISDICTION TO PROCEED ON INDICTED CHARGES THAT WERE NOT BASED ON CHARGES TRANSFERRED FROM JUVENILE COURT.

III. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE PRISON TERMS.

{¶ 9} Because Weaver's second assignment of error challenges the jurisdiction of the trial court to try all counts of the superseding indictment, we address this issue first.

## II. Jurisdiction

{¶ 10} In his second assignment of error, Weaver argues that the trial court lacked jurisdiction to indict him on additional charges, not alleged in the complaint before the juvenile court. In arguing the trial court could not prosecute any offenses beyond those included in the juvenile complaint, Weaver construes R.C. 2152.10 and 2152.12 as

5.

providing for only transfer of the juvenile complaint, rather than transfer of jurisdiction over the case, or the child.

{¶ 11} The juvenile court has exclusive jurisdiction over cases alleging delinquency of a child, unless the court properly relinquishes jurisdiction to the adult court through bindover proceedings. *State ex rel. Fryerson v. Tate*, 84 Ohio St.3d 481, 484, 705 N.E.2d 353 (1999). "Under R.C. 2152.12, a juvenile who has committed a qualifying offense and who meets certain age requirements is automatically removed from the jurisdiction of the juvenile division and transferred to adult court." *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 2. In this case, the juvenile court determined that allegations of rape, with an attached gun specification, required mandatory bindover, based on application of R.C. 2152.12.

{¶ 12} Once the juvenile court transfers a case, the adult court:

has jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court, subject to section 2152.121 of the Revised Code, including, but not limited to, * * * jurisdiction to accept a verdict and to enter a judgment of conviction pursuant to the Rules of Criminal Procedure against the child for the commission of the offense that was the basis of the transfer of the case for criminal prosecution, whether the conviction is for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included

offense, or for the commission of another offense that is different from the

offense charged.

R.C. 2151.23(H).

{¶ 13} After transfer to the adult court, that court's felony jurisdiction requires a grand jury to return an indictment after considering the evidence in the case. *See Click v. Eckle*, 174 Ohio St. 88, 89 186 N.E.2d 731 (1962) ("The felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county."). Pursuant to Section 10, Article I of the Ohio Constitution, defendants have a right to grand jury presentment and indictment.

> The grand jury is the ultimate charging body, and it is within its discretion, based on the evidence presented to it, to determine for which felony an accused shall be charged. The fact that the grand jury determines that an accused shall be charged with a felony other than that made against him in the original affidavit originally filed and upon which he is bound over to the grand jury has no effect on the validity of the indictment returned by the grand jury.

*Foston v. Maxwell*, 177 Ohio St. 74, 76, 202 N.E.2d 425 (1964), citing *Clinger v. Maxwell*, 175 Ohio St. 540, 196 N.E.2d 771 (1964).

{¶ 14} We have previously recognized the authority of a grand jury to return an indictment that differs from the initial complaint and affidavit filed in adult criminal proceedings. *See State v. Jones*, 6th Dist. Lucas No. L-09-1182, 2010-Ohio-2576, ¶ 24,

7.

citing *State v. Adams*, 69 Ohio St.2d 120, 125, 431 N.E.2d 326 (1982), *superseded by statute on other grounds as stated in State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894. While we have not yet addressed whether a grand jury could return additional charges based on a juvenile case, transferred to adult court, many other jurisdictions have addressed this issue and determined that a grand jury has authority to include additional charges in the indictment, arising from the same conduct at issue before the juvenile court. *See, e.g., State v. Beauregard*, 8th Dist. Cuyahoga No. 101418, 2015-Ohio-1021, ¶ 28, citing *State v. Walker*, 5th Dist. Delaware No. 99 CA 2, 1999 Ohio App. LEXIS 4590 (Sept. 28, 1999); *State v. Sims*, 7th Dist. Mahoning No. 07MA180, 2008-Ohio-6367, ¶ 30; *State v. Duncan*, 9th Dist. Medina No. 3117-M, 2001 Ohio App. LEXIS 4022 (Sept. 12, 2001); *State v. Whisenant*, 127 Ohio App.3d 75, 81, 711 N.E.2d 1016 (11th Dist. 1998) (noting well established law regarding transfer of jurisdiction over the "delinquent acts" and not just the charges filed in the juvenile court). The grand jury, however, may not consider additional charges arising from different conduct or occurrences, absent proper bindover of those crimes from juvenile court. *State v. Muhammad*, 11th Dist. Geauga No. 2014-G-3182, 2014-Ohio-5771, ¶ 22, citing *State v. Fryerson*, 8th Dist. Cuyahoga No. 71683, 2000 Ohio App. LEXIS 456 (Feb. 10, 2000), citing R.C. 2151.23(H).

{¶ 15} In arguing a lack of jurisdiction, Weaver does not dispute that a single incident provided the basis for the crimes charged in the juvenile complaint as well as the additional charges for aggravated robbery and participation in a criminal gang, with

8.

attached gang participation specifications.  Instead, Weaver argues that only those charges and specifications listed in the juvenile complaint were eligible for prosecution as an adult, without separate bindover proceedings.  Weaver incorrectly construes R.C. 2152.12 narrowly, to provide for only transfer of the juvenile complaint, and not transfer of jurisdiction over the case.

{¶ 16} Considering the facts of this case, the charges returned by the grand jury primarily arose from Weaver's conduct on January 29, 2015, regarding the same victim.  Considering the language of the statute, the juvenile court relinquished jurisdiction over the case, based on Weaver's conduct on January 29, 2015, and not just the offenses charged in the juvenile complaint.  Once the adult court received the case, it proceeded to prosecution "in the same manner as if the case originally had been commenced in that court[.]"  R.C. 2151.23(H).  Accordingly, the state properly presented Weaver's case to the grand jury for prosecution on the indictment returned, relative to the incident of January 29, 2015.  Weaver's second assignment of error, therefore, is found not well-taken.

{¶ 17} We note, however, that the indictment returned included an offense arising from occurrences beyond the incident of January 29, 2015.  For the separate offense of participation in a criminal gang, the indictment specifies conduct ranging from January 2012 through May 2016.[3]  The juvenile court relinquished jurisdiction over Weaver's

---

[3] The evidence of gang participation, presented at trial, indicated participation beginning in January 2014, and continuing to the present day.

9.

case on April 8, 2016, based on allegations of criminal conduct on January 29, 2015. While not clearly articulated as error in this appeal, the variation in the date of occurrence implicates the trial court's subject-matter jurisdiction over Weaver for the offense of participation in a criminal gang. Because "the exclusive subject matter jurisdiction of the juvenile court cannot be waived[,]" any judgment entered against Weaver, without proper jurisdiction, would be void, and may be addressed by this court, sua sponte. *See State v. Wilson*, 73 Ohio St.3d 40, 44-45, 652 N.E.2d 196 (1995); *State v. Lomax*, 96 Ohio St.3d 318, 2002-Ohio-4453, 774 N.E.2d 249, ¶ 17 (subject-matter jurisdiction may be addressed by the court, even if the specific issue has not been raised by the parties).

{¶ 18} Participation in a criminal gang, a violation of R.C. 2923.42, is a charge that—when alleged against a juvenile—would be a felony and, while not a category I or II offense, could be subject to discretionary bindover to adult court. *In re Stanley*, 165 Ohio App.3d 726, 2006-Ohio-1279, 848 N.E.2d 540, ¶ 23 (7th Dist.). To demonstrate the offense of participation in a criminal gang, the state must prove the existence of a criminal gang, as well as the offender's active participation in the gang, knowledge that the gang engages in or has engaged in a pattern of criminal gang activity, and "purposeful promotion, furtherance, or assistance of, or commission of or engagement in, any criminal conduct." *State v. Roberson*, 6th Dist. Lucas No. L-16-1131, 2017-Ohio-4339, ¶ 72.

{¶ 19} While the statute does not define "active participation," we have held that this element of the offense requires demonstration of actual, and not just nominal,

participation in the gang, performing "some role to benefit the gang." *State v. Smith*, 6th Dist. Lucas No. L-15-1027, 2017-Ohio-776, ¶ 38-39. In other words, the state must present evidence of more than guilt by association to support a conviction for the offense of participating in a criminal gang. *Id.*

{¶ 20} The gang participation specification, on the other hand, does not require proof of ongoing participation with, and support for, gang activities, but only proof that the offense charged was a felony of violence, and was committed while the offender was participating in a criminal gang. *See* R.C. 2941.142. The specification enhances the penalty for the underlying offense, and is "by its nature, ancillary to, and completely dependent upon, the existence of the underlying criminal charge or charges to which the specification is attached." *State v. Evans,* 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113, ¶ 15.

{¶ 21} It is possible to both commit a violent felony while participating in a criminal gang, resulting in an enhanced penalty under R.C. 2941.142 for the underlying offense, and commit the separate offense of participating in a criminal gang under R.C. 2923.42. *See, e.g., State v. Allen*, 6th Dist. Lucas No. L-14-1078, 2016-Ohio-2742, ¶ 23 (defendant convicted of murder, with the specification he committed the murder while participating in a criminal gang, as well as the separate offense of participating in a criminal gang).

{¶ 22} Based on the indictment in this case, the grand jury charged Weaver with underlying violent offenses, committed on January 29, 2015, with specifications that

11.

Weaver committed these offenses while participating in a criminal gang. The grand jury also indicted Weaver for the separate offense of participating in a criminal gang, committed over the course of years, with nothing in the record indicating the juvenile court relinquished jurisdiction over Weaver relative to conduct unrelated to the events of January 29, 2015.

{¶ 23} Without bindover proceedings relative to this separate conduct, therefore, the trial court entered a judgment of conviction for matters still within the exclusive jurisdiction of the juvenile court. Despite Weaver's failure to specifically raise this issue as error, the conviction entered for the offense of participating in a criminal gang is void, and a nullity. *See Wilson*, 73 Ohio St.3d at 45, 652 N.E.2d 196 (prosecution of a child without proper bindover is a nullity). As to the offense of participating in a criminal gang, therefore, we remand with instructions to vacate the conviction on Count 6 in the superseding indictment, and return the case on this count only, for further proceedings in juvenile court under R.C. 2152.03.

### III. Reverse-Bindover

{¶ 24} Finding the indictment to be proper, with the exception of Count 6 for participation in a criminal gang, we next address the issue of reverse-bindover. In Weaver's first assignment of error, he challenges the trial court's imposition of sentence, arguing that the court's failure to comply with the reverse-bindover proceedings under R.C. 2152.121 resulted in a void sentence. The trial court found Weaver guilty of the rape charges, but acquitted him on the attached firearm specifications, and therefore did

12.

not enter convictions on the charges that subjected Weaver to mandatory bindover. The state concedes that the trial court erred in failing to make the determination required under R.C. 2152.121, but argues that this failure does not render the sentence void.

{¶ 25} As previously addressed, a conviction entered without proper subject-matter jurisdiction is void ab initio. *Wilson* at 44. With proper bindover, however, the trial court obtained subject-matter jurisdiction over the case. *Id.* Therefore, the determinative issue in finding a void or a valid judgment is not whether the trial court complied with the reverse-bindover procedures, but whether the trial court obtained jurisdiction from the juvenile court prior to proceeding on the indictment.

{¶ 26} "R.C. 2152.12(A)(1)(b)(ii) incorporates R.C. 2152.10(A)(2)(b) by reference and requires transfer when there is probable cause to believe that a 16-year-old or 17-year-old committed a category-two offense other than kidnapping while displaying, brandishing, indicating possession of, or using a firearm." *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, ¶ 11. A "category-two offense" includes rape, in violation of R.C. 2907.02 and aggravated robbery, in violation of R.C. 2911.01. The juvenile court transfers cases falling within this category without any findings regarding "the juvenile's amenability to care or rehabilitation within the juvenile system." *D.B.* at ¶ 11.

{¶ 27} Because the juvenile court relinquished jurisdiction of the case for criminal proceedings arising from the incident of January 29, 2015, and the grand jury properly indicted Weaver of the charges in Counts 1, 2, 3, and 5 with the attached gang

13.

participation specifications, for which he was convicted, the trial court's sentence was not imposed without proper jurisdiction, and is therefore not void. *See, e.g., State v. King*, 6th Dist. Lucas No. L-12-1013, 2013-Ohio-1265, ¶ 24 (where transfer was mandatory, there was nothing to impede the general trial division court's subject-matter jurisdiction over the case). The trial court's jurisdiction, however, was still subject to the requirements of R.C. 2152.121.

{¶ 28} In this case, the complaint in delinquency alleged that Weaver committed category-two offenses, each with a firearm specification, subjecting Weaver to mandatory bindover. The trial court acquitted Weaver of all firearm specifications, however, and entered convictions for offenses that would only be subject to discretionary transfer proceedings. Therefore, as the state concedes, R.C. 2152.121 mandated a transfer back to the juvenile court for an amenability determination regarding the crimes for which convictions were actually obtained. *D.B.* at ¶ 13; *see also In re D.M.*, 6th Dist. Lucas Nos. L-16-1237, L-16-1238, and L-16-1270, 2017-Ohio-8768 (trial court must stay the sentence for reverse-bindover proceedings based on conviction meriting only discretionary transfer). This reverse-bindover procedure is "required if the crimes for which convictions were obtained, had they been delinquency charges, would have subjected the juvenile's case only to discretionary, rather than mandatory, transfer proceedings." *D.B.* at ¶ 13.

{¶ 29} Accordingly, the trial court was required to comply with R.C. 2152.121(B)(3), which provides:

14.

If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would not have required mandatory transfer of the case but division (B) of that section would have allowed discretionary transfer of the case, the court shall determine the sentence it believes should be imposed upon the child under Chapter 2929. of the Revised Code, shall impose that sentence upon the child, and shall stay that sentence pending completion of the procedures specified in this division. Upon imposition and staying of the sentence, the court shall transfer jurisdiction of the case back to the juvenile court that initially transferred the case and the juvenile court shall proceed in accordance with this division.

{¶ 30} Here, the trial court failed to stay imposition of the sentence imposed for Counts 1, 2, 3, and 5 with the attached gang participation specifications, as required by R.C. 2152.121. Therefore, we must remand the case for reverse-bindover proceedings, as required by law.

## IV. Consecutive Sentences

{¶ 31} In his third and final assignment of error, Weaver challenges the trial court's imposition of consecutive sentences. However, based on our determination that

remand is appropriate for proceedings under R.C. 2152.121(B)(3), Weaver's sentence is not yet properly before us for review. *See, e.g., In re D.M.*, 7th Dist. Mahoning No. 16 MA 0166, 2017-Ohio-2710, ¶ 10 (an appellate court addresses the conviction only after proceedings are held under R.C. 2152.121(B)(3), and the sentence ordered by the adult court is imposed). Because the trial court erred in failing to stay Weaver's sentence for reverse-bindover proceedings, and there has been no final determination as to whether Weaver is amenable to adjudication in the juvenile court, Weaver's sentence is not yet a final judgment, appropriately challenged on appeal. Therefore, we do not address this assignment of error.

## V. Conclusion

{¶ 32} For the foregoing reasons, we find that the trial court had proper jurisdiction to proceed on the superseding indictment, with the exception of the offense charged in Count 6, participating in a criminal gang. However, the trial court erred in failing to comply with the statutory reverse-bindover procedure. We therefore remand the matter back to the trial court with instructions to vacate the conviction for Count 6, participating in a criminal gang, and for further proceedings under R.C. 2152.03 as to Count 6, and we remand the matter under R.C. 2152.121(B)(3) as to Counts 1, 2, 3, and 5, with the attached gang participation specifications. Appellant and appellee are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.          _____
                                          JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.             _____
CONCUR.                                   JUDGE


                             _____
                                          JUDGE


> This decision is subject to further editing by the Supreme Court of
> Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
> version are advised to visit the Ohio Supreme Court's web site at:
> http://www.supremecourt.ohio.gov/ROD/docs/.