[Cite as *State v. Mills*, 2021-Ohio-2722.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2020-T-0046 |
| Plaintiff-Appellant, | 2020-T-0047 |
| - v - | Criminal Appeals from the Central District Court |
| PAM MARIE MILLS, | |
| Defendant-Appellee. | Trial Court Nos. 2019 TRC 00821 A 2019 TRC 00821 B |

---

## M E M O R A N D U M
## O P I N I O N

Decided: August 9, 2021
Judgment: Appeals dismissed

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Michael Burnett* and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellant).

*Alexander Keane*, A.T. Keane Law, P.O. Box 92, Canfield, OH 44406 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1}   On June 9, 2020, plaintiff-appellant, the State of Ohio, filed notices of appeal from the judgment of the Trumbull County Court, Central District dismissing the case against defendant-appellee, Pam Marie Mills, due to the failure of a police officer to appear at a suppression hearing.  We dismiss the appeals due to the lack of a final, appealable order.

{¶2} On September 28, 2019, Mills was issued a ticket charging her with Operating a Vehicle Under the Influence, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a), and Failure to Display Lights on a Motor Vehicle, a minor misdemeanor, in violation of R.C. 4513.03. After a police officer failed to appear as a witness at a suppression hearing, Mills moved to dismiss the case. The court reset the matter, noting that the motion was held in abeyance for a "good explanation" as to why the officer did not appear. The officer appeared at a subsequent hearing and stated he had missed the suppression hearing because he slept in unintentionally. The judge indicated that, regardless of "special COVID rules," there was no good reason for "allowing these things to linger on the docket too long." On that date, the court entered a judgment stating: "Upon Defendant's motion and for good cause shown, case dismissed."

{¶3} The State of Ohio appealed the dismissal. This court issued a Judgment Entry indicating that there may not be a final appealable order and requesting that the appellant show cause as to why the appeal should not be dismissed. The parties submitted supplemental briefs and contended that the matter was dismissed with prejudice. They argue that in the absence of an applicable Criminal Rule, Civ.R. 41(B)(3) applies, which provides that "[a] dismissal under division (B) of this rule [involuntary dismissal] and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

{¶4} According to the Ohio Constitution, Article IV, Section 3(B)(2), a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "'final order' in the action." *Germ v. Fuerst,* 11th Dist. Lake No. 2003-L-116, 2003-Ohio-

2

6241, ¶ 3. "An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Supportive Solutions, L.L.C. v. Elec. Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10.

{¶5} Ohio courts have consistently held that "the dismissal of a criminal complaint, without prejudice, is not a final order" and an appellate court lacks jurisdiction to consider an appeal from such judgment. *State v. Brown*, 8th Dist. Cuyahoga No. 84229, 2004-Ohio-5587, ¶ 12; *In re Stanley*, 165 Ohio App.3d 726, 2006-Ohio-1279, 848 N.E.2d 540, ¶ 16 (7th Dist.) ("[t]he dismissal of a criminal complaint without prejudice leaves no case to be appealed"); *State v. Morgan*, 2d Dist. Clark No. 2012-CA-06, 2012-Ohio-4750, ¶ 9 ("A criminal defendant typically cannot appeal the dismissal of charges against him without prejudice. * * * This is so because the defendant is placed in the same position he was in prior to the State filing the charges."); *Hudson v. Harger,* 9th Dist. Summit No. CA 26208, 2012-Ohio-2604, ¶ 3-8; *State v. Dickerson*, 4th Dist. Athens No. 1277, 1986 WL 8797, * 5 (Aug. 13, 1986) ("no substantial right of appellant has been affected by the court's * * * order dismissing the case without prejudice" and it is not a final order).

{¶6} In the present matter, we find that the trial court's dismissal was without prejudice and, thus, we lack a final appealable order to review. It has been held that "since neither Crim.R. 48(A) nor Crim.R. 48(B) expressly provides for a dismissal with prejudice, a dismissal or nolle with prejudice may be entered only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution." *State v. Jones*, 2d Dist. Montgomery No. 22521, 2009-Ohio-1957, ¶ 13; *State v. Sutton*, 64 Ohio App.2d 105, 108, 411 N.E.2d 818 (9th

3

Dist.1979) (the trial court has the power to dismiss with prejudice "only where it is apparent that the defendant has been denied either a constitutional or a statutory right, the violation of which would, in itself, bar prosecution. * * * [D]ismissal of the entire proceedings with prejudice * * * is unsatisfactory [in other circumstances] because it means that a defendant who may be guilty of a serious crime will go free without having been tried"); *State v. Dixon*, 14 Ohio App.3d 396, 471 N.E.2d 864 (8th Dist.1984). In the present matter, the lower court dismissed the case because a police officer failed to appear at a suppression hearing, causing a brief delay in the proceedings against Mills. It did not result in the denial of Mills' constitutional or statutory rights. Thus, dismissal under these circumstances is a dismissal without prejudice under the law.

{¶7} As to the contention of the parties that Civ.R. 41(B)(3) applies, it is accurate that the Criminal Rules provide that the courts "shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Crim.R. 57(B). However, as outlined above, there is a significant amount of case law which addresses this exact situation, ruling as to when a dismissal is with or without prejudice in a criminal case. The parties fail to cite any authority that supports application of the Civil Rules in contradiction of the foregoing case law.

{¶8} The State argues that the dismissal was with prejudice because this was the intent of the judge, citing to comments made when the matter was dismissed, including the following statement to Mills: "count yourself extraordinarily lucky madam and don't tempt fate ever again." While it may be the case that the lower court intended to dismiss with prejudice, it did not explicitly say it was doing so. It has been held that "[w]ithout an indication of 'with prejudice' it is presumed that the indictment was dismissed

4

without prejudice." *State v. Miller*, 7th Dist. Mahoning No. 07 MA 215, 2008-Ohio-3085, ¶ 43. *See also Brown*, 2004-Ohio-5587, at ¶ 6 ("in the absence of a notation that the matter was dismissed with prejudice, a dismissal pursuant to Crim.R. 48(B) is not a final appealable order"). Nonetheless, even presuming the court intended to dismiss with prejudice, it does not follow that it would be a dismissal with prejudice under the law.

{¶9} The State's reference to *State v. Martin*, 156 Ohio St.3d 503, 2019-Ohio-2010, 129 N.E.3d 437, which holds that courts should consider the underlying record when determining tolling events even where the journal entry does not identify the party that sought the continuance, is also unavailing. *Martin* involves a speedy trial calculation and is of minimal relevance to the present matter; *Martin* does not speak to the matter of jurisdiction or final appealable orders.

{¶10} Since this matter necessarily was a dismissal without prejudice, we are without jurisdiction to consider the merits of the appeals. Thus, the appeals are hereby dismissed, sua sponte, due to lack of a final appealable order.

{¶11} Appeals dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.