[Cite as *State v. Blevins*, 2023-Ohio-1824.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112028 |
| v. | : | |
| KARLOS BLEVINS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 1, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-586423-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory Ochocki, Assistant Prosecuting
Attorney, *for appellee*.

Timothy Young, Ohio Public Defender, and Lauren
Hammersmith, Assistant State Public Defender, *for
appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Karlos Blevins appeals the trial court's denial of his motion
to vacate his convictions. Upon review, we affirm the trial court's decision.

{¶ 2} On March 31, 2014, Blevins, then 17 years old, was charged in a seven-count complaint filed in the Cuyahoga County Court of Common Pleas, Juvenile Division ("the juvenile court").[1] The charges stemmed from the March 15, 2014 shooting death of a 15-year-old victim. The state filed a mandatory bindover request. Following a probable-cause hearing, the juvenile court issued a journal entry finding probable cause to believe that Blevins committed the acts charged, which would be crimes if committed by adults, and the case was transferred to the Cuyahoga County Court of Common Pleas, General Division ("the adult court") pursuant to the mandatory bindover provisions of R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b).

{¶ 3} On July 1, 2014, Blevins was indicted by the grand jury under a multi-count indictment.[2] The indictment included additional charges against Blevins that were not brought in juvenile court. On September 14, 2015, pursuant to a plea agreement with the state, Blevins pleaded guilty to Count 1, aggravated murder (R.C. 2903.01(A)), an unclassified felony, with one- and three-year firearm specifications and a criminal gang-activity specification; and to Count 8, tampering with evidence (R.C. 2921.12(A)(1)), a felony of the third degree. The remaining charges against Blevins were nolled, and the gang-activity specification was deleted from Count 1 at

---

[1] Co-delinquents were also named in the complaint.

[2] Codefendants were also named in the indictment.

sentencing. Relative hereto, tampering with evidence was not among the charges in the complaint filed in the juvenile court.

{¶ 4} The trial court sentenced Blevins on Count 1 to a prison term of 20 years to life on the base charge, plus 3 years on the firearm specification to be served prior to and consecutive therewith, and on Count 8 to a concurrent prison term of 3 years, for a total of 23 years to life.

{¶ 5} In the first appeal to this court, Blevins challenged the trial court's mandatory transfer of his case from the Juvenile Division to the General Division of the Cuyahoga County Court of Common Pleas to be tried as an adult. *State v. Blevins*, 8th Dist. Cuyahoga No. 104704, 2017-Ohio-8225. This court found the challenge to be without merit on the authority of *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883 (holding "the mandatory bindover of certain juvenile offenders under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions"). *Blevins* at ¶ 7.

{¶ 6} On May 24, 2022, Blevins filed a motion to vacate his convictions. Relying on the Supreme Court of Ohio decision of *State v. Smith*, 167 Ohio St.3d 423, 2022-Ohio-274, 194 N.E.3d 297, Blevins argued the trial court lacked subject-matter jurisdiction over charges for which probable cause was not found in the juvenile court. The trial court denied this motion, and Blevins now appeals that ruling.

{¶ 7} Under his sole assignment of error, Blevins claims that the trial court violated his statutory and constitutional rights when it denied his motion to vacate the conviction for tampering with evidence. He maintains the conviction is void because it was not transferred from the exclusive jurisdiction of the juvenile court to the adult court. Blevins primarily relies upon *Smith* to support his argument.

{¶ 8} In *Smith*, the Supreme Court of Ohio held that "[a] finding of probable cause is a jurisdictional prerequisite under R.C. 2152.12 to transferring a child to adult court for prosecution for *an act* charged." (Emphasis added.) *Smith* at ¶ 44. In that case, the state brought criminal charges against a juvenile in adult court for acts that the juvenile court had found to be supported by probable cause, as well as for acts the juvenile court found to be unsupported by probable cause. *Smith* at ¶ 11-12. The Supreme Court recognized that "the adult court's jurisdiction is over only the specific act or acts transferred, i.e., those acts supported by probable cause." *Id*. at ¶ 32. Thus, "[i]n the absence of a juvenile court's finding probable cause or making a finding that the child is unamenable to care or rehabilitation within the juvenile system, no adult court has jurisdiction *over acts that were charged in but not bound over by the juvenile court*." (Emphasis added.) *Id*. at ¶ 44. As the Supreme Court held, "a transfer of the acts charged to adult court confers jurisdiction to adjudicate only the acts charged for which probable cause has been found by the juvenile court." *Id*. at ¶ 26.

{¶ 9} This is not to say that the juvenile cannot be convicted of any other offense different from the offenses brought in the juvenile court. The Supreme Court of Ohio recognized in *Smith* as follows:

> When the case is finally adjudicated by the adult court, under R.C. 2151.23(H) there are three situations in which a child may be convicted of a crime that is different from the offense transferred by the juvenile court: the child may be convicted (1) of an offense that is the same degree or a lesser degree of the offense that was the basis of the transfer, (2) of an offense that is a lesser included offense of the offense that was the basis of the transfer, or (3) "*for the commission of another offense that is different from the offense charged.*"

(Emphasis sic.) *Smith*, 167 Ohio St.3d 423, 2022-Ohio-274, 194 N.E.3d 297, at ¶ 33, quoting R.C. 2151.23(H).[3]

{¶ 10} In *State v. Burns*, Slip Opinion No. 2022-Ohio-4606 (Dec. 23, 2022), decided subsequent to *Smith*, the Supreme Court recognized that a case transferred from a juvenile court may result in new indicted charges in the adult court, explaining as follows:

> We agree that an adult court is not necessarily limited to considering only the specific acts bound over from the juvenile court. *After a case has been transferred from a juvenile court to an adult court, the adult court "has jurisdiction subsequent to the transfer* to hear and determine the case in the same manner as if the case originally had been commenced in that court * * *."* R.C. 2151.23(H). In *Smith*, we explained that the "the case" before the adult court is composed of the acts that were transferred to that court. *Id.* at ¶ 28.

---

[3] Although not applicable in this matter, R.C. 2151.23(H) was recently amended to include a last line referring to the application of recently enacted R.C. 2152.022, which refers to the "transfer of the 'case'" to adult court, which acquires "jurisdiction over all of the counts so transferred" as provided in R.C. 2151.23(H), while the juvenile court retains jurisdiction over count(s) in the complaint(s) that are not transferred. *See* R.C. 2151.23(H) and 2152.022(B), effective April 4, 2023.

We acknowledge that generally, a grand jury is empowered to return an indictment on any charges supported by the facts submitted to it. *See State v. Adams*, 69 Ohio St.2d 120, 431 N.E.2d 326 (1982), paragraph two of the syllabus, *superseded by statute on other grounds as stated in State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894. But a grand jury may not consider additional charges arising from a different course of conduct or events that have not been properly bound over by the juvenile court. *State v. Weaver*, 6th Dist. Lucas No. L-18-1078, 2019-Ohio-2477, ¶ 14 (citing cases from several Ohio appellate districts). *This means that a case transferred from a juvenile court may result in new indicted charges in the adult court when the new charges are rooted in the acts that were the subject of the juvenile complaint but were not specifically named in the individual acts transferred. Id.*; *Smith*, 167 Ohio St.3d 423, 2022-Ohio-274, 194 N.E.3d 297, at ¶ 35. Here, Counts 45 and 46 pertained to attempted-murder offenses that were not charged in the juvenile-court complaint; they were charged in the grand-jury indictment and were based on conduct that occurred on or about February 7, 2018—conduct that was in the juvenile complaint against Burns. *See Smith* at ¶ 35; *see also* R.C. 2151.23(H). Accordingly, we affirm the portion of the court of appeals' judgment affirming Burns's convictions on Counts 45 and 46.

(Emphasis added.) *Burns* at ¶ 12-13.

{¶ 11} Although counsel for Blevins advocated against following *Burns* at the oral argument before this court, we are bound to adhere to the Supreme Court of Ohio's decision in *Burns*. Consistent with *Burns* and R.C. 2151.23(H), subsequent to the transfer from the juvenile court, the adult court herein had jurisdiction over the case, which was composed of the acts that were transferred to that court. As was the case in *Burns*, here Blevins was charged in the grand-jury indictment with new charges that were rooted in the acts that were the basis of the transfer. The charge for tampering with evidence was based on conduct that occurred on or about

March 15, 2014 — conduct that was in the juvenile complaint against Blevins. Pursuant to R.C. 2151.23(H), Blevins could be convicted for the offense.[4]

{¶ 12} Accordingly, this case does not involve the jurisdictional defects identified in *Smith*, 167 Ohio St.3d 423, 2022-Ohio-274, 194 N.E.3d 297, and the trial court did not err in denying Blevins's motion to vacate convictions. Other districts have reached similar conclusions. *See State v. Strickland*, 10th Dist. Franklin No. 22AP-329, 2023-Ohio-1252, ¶ 40-42; *State v. Taylor*, 2d Dist. Montgomery Nos. 29422 and 29423, 2022-Ohio-3579, ¶ 13-14*, appeal not allowed*, 168 Ohio St.3d 1531, 2023-Ohio-86.

{¶ 13} Finally, we recognize there are two cases pending before the Supreme Court of Ohio that involve issues related to the transfer of jurisdiction of the case to an adult court following a juvenile bindover. Those cases were decided after *Smith,* but prior to *Burns*, Slip Opinion No. 2022-Ohio-4606. *See State v. Williams*, 1st Dist. Hamilton No. C-210384, 2022-Ohio-2022, *discretionary appeal allowed*, 168 Ohio St.3d 1447, 2022-Ohio-3909, 197 N.E.3d 587;[5] *State v. Taylor*, 2022-Ohio-2877, 194 N.E.3d 867 (10th Dist.), *discretionary appeal allowed*, 168 Ohio St.3d

---

[4] We note that *State v. Macklin*, 8th Dist. Cuyahoga No. 111117, 2022-Ohio-4400, is distinguishable from this case and was decided prior to *Burns*.

[5] The First District decision in *Williams* also was distinguished by the Tenth District in *Strickland*, which recognized that *Williams* "contains no discussion as to the applicability of the provision of R.C. 2151.23(H) (including whether, under the particular facts of that case, the tampering with evidence charge was 'rooted in' the underlying murder offense at issue in the juvenile complaint, i.e., the subject of the bindover)." *Strickland* at ¶ 30.

1479, 2022-Ohio-4617, 200 N.E.3d 261.[6] We also note that although not applicable in this matter, there have been recent changes to statutory provisions relating to a juvenile court's transfer of the case to adult court and the jurisdiction that is acquired. *See* R.C. 2151.23(H), effective April 4, 2023; R.C. 2152.022(B), effective April 4, 2023; R.C. 2152.12(F)(2), effective April 4, 2023.

{¶ 14} Although counsel for Blevins advocated against following *Burns* at the oral argument before this court, until and unless the Supreme Court of Ohio decides otherwise, we are bound to adhere to the *Burns* decision as did the Tenth District in *Strickland*. We are not persuaded by any other argument made by Blevins, and we need not address further issues raised by the state.[7] The assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[6] Among the propositions of law presented by the state in the *Taylor* case from the Tenth District is whether "[t]he jurisdiction referenced in R.C. 2151.23(H) implicates jurisdiction over the case, not subject-matter jurisdiction."

[7] At oral argument, the state indicated that this court need not reach the issue of the retroactive application of *Smith* presented in its brief.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

KATHLEEN ANN KEOUGH, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION:

{¶ 16} Whether an offense is "rooted in the acts" that were subject of the juvenile complaint is fact specific and requires looking at the conduct of the juvenile at the time of the offense. In fact, the Ohio Supreme Court stated, "[A] grand jury may not consider additional charges arising from a different course of conduct or events that have not been properly bound over by the juvenile court." *Burns*, Slip Opinion No. 2022-Ohio-4606, at ¶ 13, citing *State v. Weaver*, 6th Dist. Lucas No. L-18-1078, 2019-Ohio-2477, ¶ 14.

{¶ 17} I find this "rooted in the acts" language or analysis similar to a court's determination whether offenses are allied. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus. If the conduct involves separate victims or harm, then the offenses are separate and identifiable. *Id.* at paragraph two of the syllabus.

{¶ 18} In this case, the tampering with evidence offense was a new charge as a result of the grand jury's indictment. Count 8 of the indictment merely tracks the language of R.C. 2921.12(A)(1) with no additional information, specification, or forfeiture clauses revealing what the evidence Blevins was alleged to have tampered with, concealed, or destroyed. Granted, the date of the offense — "on or about March 15, 2014," is the same date corresponding to the murder charges, which were in the juvenile complaint against Blevins.[8] The state's bill of particulars sheds no additional light on the factual basis for this offense. Even though the offense occurred "on or about the same" date as the murder offenses, the juvenile's conduct may have been separate and distinct from the conduct that was in the juvenile complaint. Is it sufficient to establish that an offense is "rooted in the acts" by merely including a date that is "on or about" the same date as the acts that were the subject of the juvenile complaint? Unfortunately based on the record before this court, I am unable to make this determination.

{¶ 19} In my opinion, the state's ability to secure new and separate charges, including gang related offenses, in adult court that were not presented to the juvenile court potentially undermines the juvenile court's authority. The concept of "rooted in the acts" is subject to an overbroad interpretation and application, as this case could very well represent. The record, however, is insufficient to determine whether

---

[8] Compare Count 15 of the indictment charging Blevins's codefendant with tampering with evidence, but also seeking forfeiture of a firearm. It could be gleaned that the codefendant's tampering offense involved a firearm that was associated with crimes of violence.

the tampering charge was "rooted in the acts" that were the subject of the juvenile complaint. Accordingly, the defendant has failed to withstand his appellate burden demonstrating the error.

{¶ 20} For these reasons, I respectfully concur in judgment only.