[Cite as *State v. Macklin*, 2026-Ohio-181.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111117 |
| DIMITRIUS MACKLIN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 22, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652974-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} This matter is before us on remand from the Ohio Supreme Court, which recently reversed our decision with respect to the first assignment of error in *State v. Macklin*, 2022-Ohio-4400 (8th Dist.) (hereinafter, "*Macklin I*").

**Factual and Procedural History**

{¶ 2} The facts of this case are well documented in *Macklin I*. The procedural history was as follows:

> Macklin was 17 years old at the time [Hesham] Kamel was carjacked and fatally shot. The Cuyahoga County prosecutor . . . sought to have him bound over to the general division of the court of common pleas ("adult court"). In August 2020, the juvenile court conducted a probable-cause hearing and found no probable cause for the charges of aggravated murder and HWWUD.[1] The juvenile court found probable cause for the charges of murder, aggravated robbery, and felonious assault and bound Macklin over to adult court. Subsequently, on September 21, 2020, a grand jury returned an 11-count indictment against Macklin and his codefendants. The charges were comprised of one count of aggravated murder, one count of murder, two counts of aggravated robbery, four counts of conspiracy to commit aggravated robbery, one count of felonious assault, and two counts of tampering with evidence. One- and three-year firearm specifications were attached to the first nine counts. In addition, the four counts of conspiracy alleged that Macklin and his codefendants "did undertake substantive overt acts, to wit: . . . planned to commit an aggravated robbery of an unknown person through the use of an online scheme to lure the unknown person to a location, separate from the location where the scheme to lure was created and implemented."

*Macklin I* at ¶ 5-7.

{¶ 3} After a jury trial, the jury found Macklin not guilty of the aggravated-murder charge and one of the aggravated-robbery charges, but guilty of murder, aggravated robbery, conspiracy to commit aggravated robbery, and felonious assault along with associated firearm specifications.

{¶ 4} In *Macklin I*, Macklin argued that the adult court erred by proceeding to trial on counts in the indictment for which it lacked jurisdiction because those

---

[1] Having weapons while under disability.

specific counts were not bound over by the juvenile court. Specifically, Macklin took issue with the aggravated-murder charge for which the juvenile court found there was no probable cause, and the conspiracy charge, which was not raised in the juvenile court. Because Macklin was acquitted of the aggravated-murder charge, we only reviewed the conviction for conspiracy to commit aggravated robbery.

{¶ 5} Relying on the Ohio Supreme Court's decision in *State v. Smith*, 2022-Ohio-274, we found merit in Macklin's argument noting that "[a]bsent a probable cause finding by the juvenile court, an adult court lacks subject-matter jurisdiction to convict a child." *Macklin I* at ¶ 44, citing *Smith* at ¶ 42. Accordingly, this court reversed Macklin's conspiracy conviction and remanded the case to the trial court.[2] The State appealed. It is from the Ohio Supreme Court's reversal of our decision and remand that we address the first assignment of error.

**Law and Analysis**

{¶ 6} After *Macklin I* but prior to the Ohio Supreme Court's reversal, the Court provided further guidance in this area with its decision in *State v. Burns*, 2022-Ohio-4606. The Court reiterated its holding in *Smith*, noting that

> a juvenile court must first find that there is probable cause to believe that the child committed the act charged before that act can be transferred to adult court. We also concluded that an adult court lacks subject-matter jurisdiction to convict a juvenile offender for any act charged for which no probable cause was found by the juvenile court.

*Burns* at ¶ 8, citing *Smith* at ¶ 26, 44.

---

[2] This court overruled the remaining assignments of error in *Macklin I*. Macklin did not appeal that decision; accordingly, we will not address those assignments of error here.

{¶ 7} Based on *Smith*, the Court vacated one of Burns's convictions finding that the juvenile court had found no probable cause for the specific charge. However, Burns also challenged two convictions for murder arguing that "since the juvenile court never found probable cause regarding those counts, the adult court lacked jurisdiction . . . and his convictions . . . should be vacated." *Id.* at ¶ 11.

{¶ 8} The murder charges in *Burns* were never raised in the juvenile court, and therefore, the juvenile court never made a finding regarding probable cause. Citing R.C. 2151.23(H), the Court disagreed with Burns's argument, finding that

> [a]fter a case has been transferred from a juvenile court to an adult court, the adult court "has jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court."

*Burns* at ¶ 12, quoting R.C. 2151.23(H).[3]

{¶ 9} The Court went on to note that a grand jury may "return an indictment on any charges supported by the facts submitted to it." *Id.* Nevertheless, it "may not consider additional charges arising from a different course of conduct or events that have not been properly bound over by the juvenile court." *Id.* at ¶ 13, citing *State v. Weaver*, 2019-Ohio-2477, ¶ 14. Thus, the Court found that newly indicted charges are permitted if they are "rooted in the acts that were the subject of the juvenile complaint but were not specifically named in the individual acts transferred." *Id.*, citing *id.*; *Smith* at ¶ 35. *See also Williams,* 2024-Ohio-1433, ¶ 1 (finding "a defendant who was a juvenile when he committed an offense may be

---

[3] R.C. 2151.23(H) was amended effective April 4, 2023; however, the quoted language referenced herein remains unchanged.

charged for and convicted of that offense in adult court even though a charge for the offense was not brought in juvenile court and considered in a bindover proceeding, if the charge is rooted in the same acts that were the subject of the juvenile complaint"); *Taylor*, 2024-Ohio-1752, at ¶ 2 (finding that a felony-murder charge in adult court was permitted despite it not having been presented in juvenile court where the "charge is rooted in the acts supporting the complicity charge" presented to the juvenile court).

{¶ 10} In the instant case, after the case was transferred to adult court, the grand jury returned an indictment against Macklin adding the charge of conspiracy to commit aggravated robbery. However, the State always claimed that Macklin and his codefendants acted in concert to commit aggravated robbery by luring an unwitting victim to their location under the ruse of selling a car. Conspiracy occurs when a person,

> "with purpose to commit or to promote or facilitate the commission of . . . aggravated robbery . . . does either of the following":
>
> (1) With another person or persons, plan or aid in planning the commission of any of the specified offenses;
>
> (2) Agree with another person or persons that one or more of them will engage in conduct that facilitates the commission of any of the specified offenses.

R.C. 2923.01(A)(1) and (2).

{¶ 11} The conspiracy charge was therefore "rooted" in the facts of the case even though it was not presented to the juvenile court. Accordingly, the adult court had jurisdiction to consider the charge.

**{¶ 12}** For the foregoing reasons, the convictions are affirmed.

**{¶ 13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, P.J., and
LISA B. FORBES, J., CONCUR